UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WESLEY HICKMAN and | ) | |
| JEDIDIAH MYERS | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-193 |
| | ) | |
| GOVERNOR PHIL BREDESEN, | ) | |
| SHERIFF ED GRAYBEAL, | ) | |
| WASHINGTON COUNTY, TENNESSEE, | ) | |
| WASHINGTON COUNTY DETENTION | ) | |
| CENTER, and BRENDA DOWNS | ) | |

## **MEMORANDUM and ORDER**

State prisoners Wesley Hickman and Jedidiah Myers bring this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that they have been subjected to unconstitutional conditions of confinement in the Washington County Detention Center (WCDC), in Jonesborough, Tennessee.

On October 5, 2005, the Clerk mailed copies of a deficiency order entered in this cause to both plaintiffs at the last address they provided to the Court. On October 17, 2005, the United States Postal Service returned the documents mailed to plaintiff Myers, with the face of the envelope marked, "RETURN TO SENDER, Released." This is important because the plaintiffs were notified that they were

responsible for informing the Court immediately of any address changes and forewarned that failing to provide a correct address within ten days of any change of address would result in a dismissal of this action. (Doc. 3, Compl. at ¶ 5.) Obviously, plaintiff Myers has failed to heed the warning and has left the Court with no means to contact him or to serve pleadings on him.

Accordingly, Jedidiah Myers is **ASSESSED** his $125.00 pro rata share of the filing fee; all claims he has asserted in the complaint are **DISMISSED WITH PREJUDICE** for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure; and he himself is **DISMISSED** as a plaintiff.

Plaintiff Hickman is **ASSESSED** his pro rata share of $125.00 of the full civil filing fee ($250.00). 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

  (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

  or

  (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the

complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the plaintiff has paid his $125 share of the filing fee to the Clerk's Office.[1]  *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, and to George Little, Commissioner of the Tennessee Department of Correction, to ensure compliance with the above fee-assessment procedures.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies.  *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998).  Nevertheless, a complaint need not be dismissed for failure to exhaust, if the screening of the complaint shows that the allegations do not

---

[1] Send the payments to:    Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

3

state a claim in the first place.[2] *Id.* at 1104.

In the complaint, the plaintiff asserts that he had been denied access to the law library and the grievance procedures, that he has suffered reprisals, that the food is terrible and unsanitary, and that the WCDC is greatly overcrowded. He further alleges that the medical care provided at the WCDC is "awful;" that the authorities will not make photocopies of prisoners' legal documents; that inmates are drinking out of toilets; and that inmates are sleeping on the floor because the facility has exceeded its inmate population capacity. For ease of discussion, the claims have been divided into categories of claims.

1) **Conditions of confinement claims.**

The plaintiff claims that the WCDC is overcrowded and that "sanitary and food is terrible."

Overcrowding, in and of itself, is not unconstitutional. *Owens v. Campbell*, 1-98 F.3d 246, 1999 WL 1023690, *1 (6th Cir. Nov. 5, 1999)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)). Of course, if overcrowded conditions cause an inmate to be denied the minimal civilized measure of life's basic needs, such as

---

[2] The Court must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or whether monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

4

food, warmth, or exercise, this would run afoul of the Eighth Amendment to the United States Constitution. *Wilson v. Seiter*, 501 U.S. 294, 298, 304 (1991). Here, the plaintiff has not demonstrated the deprivation of a single, identifiable human need to sustain his confinement-conditions claims.

Prison officials must provide a reasonably adequate diet to prisoners; serving food which does not contain nutritional and caloric content necessary to sustain a prisoner's normal health amounts to cruel and unusual punishment and violates the Eighth Amendment. *Cunningham v. Jones*, 567 F.2d 653 (6th Cir. 1977). The allegation made here is that the food is "terrible," not that it is nutritionally inadequate to permit the plaintiff to maintain his physical well-being. Contentions about the quality of food are far removed from constitutional concerns. *Id.*, at 659-60. The terrible-food claim does not state a cognizable § 1983 claim.

Food must also "be prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm*, 639 F.2d 559, 57071 (10th Cir. 1980). To the extent that the plaintiff is referring to the food by contending that "sanitary and food is terrible," he has not provided any facts to show that the food he was furnished was prepared and served under conditions which endangered his health and well being. Bald, factually-undeveloped allegations fail to state a claim entitling a plaintiff to relief under § 1983.

5

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

In a related claim, the plaintiff contends that inmates are drinking out of a toilet. First of all, there is no allegation that he himself is drinking from a toilet. The plaintiff has standing to assert his own rights, not the rights of other inmates. *Whitmore v. Arkansas*, 495 U.S. 149 (1990). This claim could only be asserted if the plaintiff could show any personal injury sustained as a result by drinking out of a toilet. *Baker v. Carr*, 369 U.S. 186, 204 (1962). He has not done so.

Moreover, this contention has no factual underpinning. For example, the plaintiff has not alleged whether the toilet is the only available source of drinking water; whether (and when and whom) he asked for water to drink; and if so, whether his request was refused. As previously noted, claims must be supported by allegations of fact because bare contentions fail to state a claim under § 1983. *Morgan*, 829 F.2d at 12.

2) **Medical claim**.

Another claim is that "the medical is awful as well." Prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment rights of those prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). In this case, the plaintiff has not alleged that he has *any* medical need, let alone a serious one. Thus, he fails to state an Eighth Amendment claim for denial of medical care.

6

3) **First Amendment claims**.

In the first claim in this category, the plaintiff maintains that he has been denied a grievance procedure. This allegation does not state a § 1983 claim either because there is no inherent constitutional right to an effective prison grievance procedure. *Adams v. Rich*, 40 F.3d 72, 75 (4th Cir. 1994).

He also asserts that the law library is "off limits" and that inmates cannot obtain copies of legal documents. While there is no freestanding right to a law library, *Lewis v. Casey*, 518 U.S. 343, 351 (1996), a prisoner has a right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). To show a denial of this right of access, the plaintiff must demonstrate prejudice in his pursuit of a nonfrivolous lawsuit. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Because the plaintiff has alleged no prejudice or actual injury resulting from limitations in law library usage or access to photocopies of documents, these assertions also fail to state a claim under § 1983.

The next claim is that the plaintiff has suffered reprisal. Prison officials who retaliate against a prisoner for engaging in protected conduct violate the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Here, however, the plaintiff has not identified either the protected conduct in which he was engaged or any of the defendants (or anyone else, for that matter) as the person(s) who engaged

in an act of retaliation nor specified the date of the occurrence. Indeed, he does not describe the act or conduct out of which his retaliation claim arose. Thus, his contention is conclusory and it too fails to state a claim for relief.

    4) **Physical injury requirement**.

Finally, a prisoner in a correctional facility who files a federal civil action cannot recover on the basis of mental or emotional injury suffered while in custody absent a showing of physical injury. 42 U.S.C. § 1997(e)(e). While the plaintiff, who seeks monetary damages, has alleged that inmates have suffered hardship and pain as a result of the above conditions and events, he has not alleged a physical injury. Thus, he cannot recover damages in this action.

A separate order will enter dismissing this case for failure to state a claim entitling the plaintiff to relief under § 1983. 28 U.S.C. § 1915(e)(2); § 1915A.

    ENTER:

                                                            s/Thomas Gray Hull  
                                                            THOMAS GRAY HULL  
                                                               SENIOR U. S. DISTRICT JUDGE